1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  HARRIS CONSTRUCTION CO.,             CASE NO. CV F 13-1675 LJO SAB
   INC.,
9
                        Plaintiff,      **ORDER TO DENY INJUNCTIVE RELIEF**
10
                                        (Doc. 6.)
11
12      vs.
13
14
15  TULARE LOCAL HEALTHCARE
    DISTRICT, et al.,
16
                        Defendants.
17
18  _____/
19                          **INTRODUCTION**
20
            Plaintiff Harris Construction Co., Inc. ("Harris") is the general contractor for the Tower
21  1 Expansion Project ("project") for defendant Tulare Local Healthcare District dba Tulare
22  Regional Medical Center ("TRMC").  Defendant Shawn Bolouki ("Mr. Bolouki") is TRMC's
23  Chief Executive Officer.  Harris seeks an injunctive order in essence to stop or suspend its
24  continuing construction on the project and to stop draws on the general obligation bond funds
25  for the project.  Harris contends that TRMC is insolvent, wrongfully withholds $9,666,430
26  owed to Harris and its subcontractors, and compels Harris to perform significant project work
27  without compensation, all of which warrants the requested injunctive relief.
28          This Court considered Harris' motion for injunctive relief on the record without a

1

hearing.   For the reasons discussed below this Court DENIES Harris' requested injunctive relief.

### Injunctive Relief Standards

Harris fails to meet its burden for injunctive relief.

F.R.Civ.P. 65(b)(1)(A) permits a TRO "only if" "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008).   To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Winter*, 129 U.S. at 374.   In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).   Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (citation omitted).

With these standards in mind this Court turns to impediments to Harris' requested injunctive relief.

### Unworkable Relief

Harris seeks unworkable injunctive relief.   In essence, Harris seeks this Court's order to preclude its continuing work on the project.   Harris does not need this Court's order or permission to refrain from working on the project.   Harris may seek to enforce its contract and other rights without this Court's order to stop project construction.  If this Court were to order construction stoppage, it would effectively find that defendants committed contract breaches

and that, by stopping work, Harris would not be in breach.  In addition, Harris' requested relief would preclude removal of further bond funds without this Court's approval.  "Injunctive relief could involve extraordinary supervision by this court. Injunctive relief may be inappropriate where it requires constant supervision." *Natural Resources Defense Council, Inc. v. U.S. E.P.A.,* 966 F.2d 1292, 1300 (9th Cir. 1992).  This Court is unable to monitor constantly project construction and financing as Harris seeks.  This Court is not, and cannot be, an account manager for the project.

## Irreparable Harm

Harris fails to demonstrate irreparable harm to support its requested relief.

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is likely in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).  "[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir.1992); *see e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798 (1982).

For injunctive relief, "[i]t is usually enough if the plaintiff shows that its legal remedies are inadequate." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir.1996); *see Weinberger*, 456 U.S. at 312, 102 S.Ct. at 1803.  "If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." *Ross-Simons*, 102 F.3d at 18.  "Inadequate remedy at law does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Intern. v. Barry*, 328 F.3d 300, 304 (7th 2003).

"Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009).  "Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award." *Cal Pharmacists*, 563 F.3d at 852 (italics in original).

3

Harris appears to presume that no monetary relief is available to them.  Harris fails to demonstrate as much.  TRMC's potential bankruptcy does not equate to irreparable injury in that in bankruptcy, Harris will be able to assert creditor rights.

### Unrelated Claim And Jurisdiction Issue

Harris' complaint alleges declaratory and injunctive relief claims and a claim under 42 U.S.C. § 1983 ("section 1983").  The section 1983 claim is premised on violation of the Contracts Clause and due process whereas Harris injunctive relief papers champion a First Amendment retaliation claim, which is not plead in the complaint.  Harris seeks injunctive relief based on an unplead section 1983 claim.

In *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997), the Eleventh Circuit observed:

> A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.  Here, the suit is one for damages on a claim of fraud. In his injunction Kaimowitz sought equitable relief regarding a First Amendment issue, but that relief was not of the same character that could be granted finally, and dealt with a matter that was wholly outside of the issues in the suit. The district court did not err in denying the motion for an injunction.

In addition, in *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997), the Fourth Circuit explained:

> The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint. Thus, a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action. As the Eighth Circuit held in *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994), "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."

Harris argues, but does not plead in its complaint, that First Amendment retaliation supports injunctive relief.  Injunctive relief may not be based on First Amendment retaliation, which appears nowhere in the complaint.

Harris' complaint alleges federal question jurisdiction under 28 U.S.C. §§ 1331 and

1343 based on the section 1983 claim.  However, this Court questions the legitimacy of federal question jurisdiction given Harris' failure to establish viability of a properly plead section 1983 claim.  Because Harris promotes an unplead First Amendment retaliation claim, there is a question whether Harris is able to plead a viable section 1983 claim to invoke this Court's jurisdiction.  The injunctive and declaratory relief claims are derivative of a viable federal question claim and not an independent source of federal question jurisdiction.

A "request for injunctive relief by itself does not state a cause of action and is properly raised as a separate motion." *Mbaba v. Indymac Federal Bank F.S.B.,* 2010 WL 424363, at *4 (E.D. Cal. 2010) (citing *Shamsian v. Atl. Richfield Co.*, 107 Cal.App.4th 967, 984–85, 132 Cal.Rptr.2d 635 (2003)).  "An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate." *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010).

The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).  "A declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994).  The DJA "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2nd Cir. 1997) (italics in original).  A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

5

The complaint's declaratory and injunctive relief claims fail to invoke this Court's jurisdiction.  There is a question whether the complaint alleges a viable section 1983 claim in that Harris advocates a purported section 1983 claim not plead in the complaint.  As such, Harris seeks injunctive relief beyond the scope of its operative pleading to warrant further denial of injunctive relief.

### Presence Of A Government Agency

A further problem for Harris is that it seeks injunctive relief against a public entity.

When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128.  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting  *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

Federalism concerns and potential disruption of a local public entity raise further grounds to support denial of injunctive relief.

### Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

A public interest exists in completion of the project to enhance medical care for the local community.  Injunctive relief would counteract such public interest to serve as further grounds to deny Harris' requested injunctive relief.

/ / /

1

**CONCLUSION AND ORDER**

2

  For the reasons discussed above, this Court DENIES Harris injunctive relief and further

3

relief requested in its papers (docs. 6-15).  This Court DIRECTS the clerk to serve this order on

4

Leonard Herr at lherr@dhlaw.net.

5

6

7

IT IS SO ORDERED.

8

  Dated: __**December 13, 2013**__    ____**/s/ Lawrence J. O'Neill**

9

                 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28